FILED: 3/12/2020 9:54 AM
David Trantham
Denton County District Clerk
By: Kristie Kaviani, Deputy

Cause No. __20-1391-362__

| | | |
|---|---|---|
| Helayas Logistics LLC | § | In the _____ Judicial |
| | § | |
| V. | § | |
| | § | District Court of |
| Jacob Christian Stineman, Streamline | § | |
| Insurance Services, Inc., Luis Alberto | § | |
| Roman and Great Lakes Insurance SE | § | Denton County, Texas |

### PLAINTIFF'S ORIGINAL PETITION
### (with Disclosure Request)

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **Helayas Logistics LLC**, hereinafter called Plaintiff, complaining of and about **Jacob Christian Stineman, Streamline Insurance Services, Inc., Luis Alberto Roman and Great Lakes Insurance SE**, hereinafter called Defendants, and for cause of action shows unto the Court the following:

## SERVICE

1.      Defendant **Jacob Christian Stineman (Stineman)** is an insurance agent, doing business in the State of Texas.  Said Defendant can be served at: 1575 Heritage Dr., Suite 103, McKinney, TX 75067-3386.

2.      Defendant **Streamline Insurance Services, Inc. (Streamline)** is an insurance agency, doing business in the State of Texas.  Said Defendant can be served through its agent for service: Jorge R. Martinez, 921 W. New Hope Drive, Bldg. 33, Cedar Park, TX 78613.

3.      Defendant **Luis Alberto Roman (Roman)** is an insurance agent, doing business in the State of Texas.  Said Defendant can be served: 921 W. New Hope Drive, #301 Cedar Park, TX 78613.

4.      Defendant **Great Lakes SE (Great Lakes)** is an insurance company, doing business in the State of Texas.  Said Defendant can be served through its attorney for service: Edward Smith, MENDES AND MOUNT, 750 Seventh Avenue, New York, NY 10019-6829.

## JURISDICTION

5.      The subject matter in controversy is within the jurisdictional limits of this court in that Plaintiff seeks recovery of less than $100,000.00.

**EXHIBIT A-2**

Unofficial Copy

## VENUE

6.     Pursuant to Texas Civil Practice & Remedies Code, §15.032, venue in Denton County is proper in this cause in that it is where the insured resides.

## AGENCY AND VICARIOUS LIABILITY

7.     Whenever in this Petition it is alleged that Defendant did any act or thing or omission, it is meant that Defendant, its officers, agents, employees, or representatives did such act or thing or omission and that at the time such act or thing was done, it was done with the full authorization or ratification of Defendant or was done in the normal and routine course and scope of employment of Defendant, its officers, agents, employees, or representatives.

## WRITTEN NOTICE GIVEN

8.     Plaintiff has fully complied with all of the conditions precedent prior to bringing this suit.

9.     Notice letter was issued December 4, 2015, and this lawsuit is being filed after the expiration of 60 days.

## FACTS

10.     Plaintiff had a policy of Cargo insurance through Defendants, policy number BC0218-C37469.

11.     On 09/20/2019, the policy was in full force and effect.

12.     On 09/20/2019, Plaintiff had a cargo loss that was the type of loss that should have been covered by the policy.

13.     The cargo loss totaled $59,613.78.

14.     In a letter dated November 6, 2019, Defendant Great Lakes denied Plaintiff claim benefits based on Defendant's assertion that the cargo being carried by Plaintiff was excluded under the policy due to the cargo, brass metals, being a non-ferrous metal which is excluded from the policy.

15.     Plaintiff purchased the Cargo policy on or about September 23, 2018, about three weeks before the effective date of October 13, 2018, through agents Luis Roman with Streamline Insurance Services, Inc., and Jacob Stineman with Scott Insurance Group, Inc.

16.     Unknown to Plaintiff, the policy sold was a Surplus Lines Insurance policy.

Unofficial Copy

17.    At the time of purchase, the agents asked Plaintiff what type of cargo Plaintiff transported.

18.    Plaintiff told the agent he hauled scrap metals among other types of cargo and that he needed cargo insurance coverage for all the cargo loads hauled by Plaintiff.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

19.    Plaintiff incorporates herein all the FACTS as set forth above.

20.    Defendant's conduct in this matter appears to be in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

a)    TIC § 541.060(a)(1):  Defendants have violated this section by misrepresenting to a claimant a material fact relating to coverage at issue by telling claimant there is no coverage because brass metals is a non-ferrous metal scrap metal which is excluded from the policy when the agent had told Plaintiff that the cargo of scrap metals he hauled would be covered.

b)    TIC § 541.060(a)(2)(A):    Defendants have violated this section by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear in that research on Defendants' part would show that Plaintiff was told the policy would cover the type of loss that Plaintiff suffered.

c)    TIC § 541.060(a)(7):  Defendants have violated this section by refusing to pay a claim without conducting a reasonable investigation with respect to the claim in that a reasonable investigation would show that Plaintiff had been assured that the type of loss suffered was a type of loss that was covered by the policy.

d)    TIC § 541.061(1):    Defendants have violated this section by making an untrue statement of material fact by telling Plaintiff that the cargo policy would cover the types of cargo Plaintiff hauled when in fact it now appears that is not the case.

e)    TIC § 541.061(2):    Defendants have violated this section by failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made, i.e., in that Defendants told Plaintiff the cargo policy covered the hauling of scrap metals and that Plaintiff was covered when in fact, the statement was not correct due to exclusions for some scrap metals in the policy.

f)    TIC § 541.061(3):    Defendants have violated this section by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact when Defendants told Plaintiff that scrap metal cargo was covered by the cargo policy when in fact all types of scrap metal cargo is not covered.

Unofficial Copy

**BREACH OF CONTRACT**

21.    Plaintiff incorporates herein all the FACTS as set forth above.

22.    Defendant's conduct in this matter appears to be in Breach of Contract.

23.    There is a valid, enforceable contract of insurance between Defendants and Plaintiff.

24.    Plaintiff is a proper party to bring this lawsuit against Defendants.

25.    Plaintiff has performed under the contract by paying premiums and cooperating with Defendants' investigation and supplying Defendants with necessary information.

26.    Defendants have breached the contract Defendants have with Plaintiff by not providing benefits.

27.    Defendants' breach of the contract has caused injury to Plaintiff.


**PROMPT PAYMENT OF CLAIMS ACT**

28.    Plaintiff incorporates herein all the FACTS as set forth above.

29.    Defendants had all the information needed to pay Plaintiff's claim on or before November 6, 2019.  As a result, this claim should have been accepted and paid by November 13, 2019.

30.    Defendants are liable as penalty at an interest of 18% a year on the policy benefits of plus attorneys' fees.


**DAMAGES:**

31.    Plaintiff incorporates herein all the facts as set forth above.

32.    Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein:

a)  $59,613.78 - Actual damages

b)  $10,000.00 - Exemplary damages due to the knowing and intentional conduct on Defendants' part.

c)  Reasonable and necessary attorney fees resulting from Defendants' conduct, at $350.00 per hour times ....

Unofficial Copy

## DISCOVERY – REQUEST FOR DISCLOSURE TO DEFENDANT

33.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, **Defendants Jacob Christian Stineman, Streamline Insurance Services, Inc., Luis Alberto Roman and Great Lakes Insurance SE** are each requested to disclose, within fifty (50) days of service of this request, the information or material as set forth in R.194.2(a) through R.194.2(l).  A response to a request under Rule 194.2(f) is due according to Rule 195.2 of the Texas Rules of Civil Procedure.

34.     The disclosures must be signed in accordance with Texas Rules of Civil Procedure, Rule 191.3, and delivered to the undersigned attorney.  If a Defendant fails to comply with the requirements above, the Court may order sanctions against such Defendant in accordance with the Texas Rules of Civil Procedure.


## DISCOVERY – REQUEST FOR PRODUCTION TO DEFENDANT

35.     Pursuant to Rule 196 of the Texas *Rules of Civil Procedure*, **Plaintiff** serves upon Defendant **Great Lakes Insurance SE** these production requests:

**Request No. 1:**     Please produce a certified copy of the policy or in lieu thereof a true and correct copy of policy made the basis of this lawsuit.

**Request No. 2:**     Please produce a copy of the entire claims file related to policy number 4179920330.

**Request No. 3:**     Please produce a copy of the entire applications file related to policy number 4179920330.

**Request No. 4:**     Please produce all email and written communications, including correspondence in the form of memos, letters, and including electronic communications, you sent to the initiating agent in this matter that relates to the application for policy benefits of **Plaintiff**.

**Request No. 5:**     Please produce all email and written communications, including correspondence in the form of memos, letters, and including electronic communications, to and from any person or entity related to the application for policy benefits of **Plaintiff**.

**Request No. 6:**     To the extent not previously produced, please produce any and all documents, email and written communications, including correspondence in the form of memos, letters, and including electronic communications between you and any person or entity or organization, obtained by you in connection with your investigation of Plaintiffs claim for benefits.

**Request No. 7:**     Please produce any and all audio recordings of either **Plaintiff**.

Unofficial Copy

**Request No. 8:**        Please produce any and all audio recordings of any conversation between you and any third party regarding Plaintiffs, the application, the policy, or any claim for the insurance benefits.

36.    Within thirty (30) days after service of the Requests, Defendant shall serve a written response to the Requests for Production and produce the documents and tangible things identified; except as otherwise indicated. Defendant may attach copies of the requested documents to the written response. Defendant is to supplement your responses to the Requests for Production as required by Rule 196, Texas Rules of Civil Procedure. Said responses and supplements thereto shall be delivered to **MARK S. HUMPHREYS, P.C.,** 702 Dalworth Street, Grand Prairie, Texas 75050.

37.    <u>NOTICE PURSUANT TO RULE 196.</u>   You are hereby given Notice that all documents produced by you in response to this Request for Production may be used at the trial of this cause pursuant to Rule 196, Texas Rules of Civil Procedure.

**USE OF DOCUMENTS**

38.    Pursuant to Rule §193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives notice to the Defendant that she intends to use all documents exchanged and produced between the parties (including, but not limited to, correspondence, pleadings, records, and discovery responses) during the trial of this matter.


**ATTORNEY'S FEES**

39.    Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by:  (a) §541.152(a)(1), of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

**PRE-JUDGMENT INTEREST**

40.    As a result of the injuries sustained by Plaintiff as aforesaid and in addition to such damages, Plaintiff will show that he is entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, such interest to accrue at the highest prevailing rate then applicable on the date of judgment.

**POST JUDGMENT INTEREST.**

41.    As a result of the injuries sustained by Plaintiff and in addition to such damages, Plaintiff will show that he is entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, such interest to accrue at the highest prevailing rate then applicable until paid in full.

Unofficial Copy

**COSTS OF SUIT.**

42.     In addition, Plaintiff seeks all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

43.     Wherefore, Plaintiff seeks reimbursement of court costs incurred in the trial of this case and thereafter.


**REQUEST FOR JURY TRIAL.**

44.     Plaintiff respectfully requests that a Jury be impaneled on final hearing of this cause of action.


**PRAYER.**

45.     **WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

SIGNED on February 11, 2020.

Respectfully submitted,


/s/     Mark S. Humphreys
Mark S. Humphreys   - SBOT #00789762

MARK S. HUMPHREYS, P.C.
702 Dalworth Street, Grand Prairie, Texas 75050
Tel.  (972) 263-3722  *      Fax.  (972) 237-1690
Email: texaslaw94@yahoo.com
**Attorney For Plaintiff**

Unofficial Copy