# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| HELAYAS LOGISTICS LLC | § | |
| | § | |
| v. | § | Civil Action No.  4:20-cv-210 |
| | § | Judge Mazzant |
| JACOB CHRISTIAN STINEMAN, | § | |
| STREAMLINE INSURANCE, INC., | § | |
| LUIS ALBERTO ROMAN, and GREAT | § | |
| LAKES INSURANCE SE | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiff Helayas Logistics LLC's Motion to Remand (Dkt. #11).  Having considered the motion and the relevant pleadings, the Court finds that it should be denied.

## BACKGROUND

Plaintiff is a limited liability company, and all of its members are citizens of Texas. Plaintiff is in the business of transporting cargo.  When Plaintiff suffered a cargo loss, it filed a claim under the insurance policy it carried with Defendant Great Lakes Insurance SE ("Great Lakes"), a German corporation with its principal place of business in Germany.  When the claim was denied, Plaintiff filed this suit against Great Lakes.

Furthermore, Plaintiff joined additional parties to the suit: Defendants Jacob Christian Stineman ("Stineman"), Streamline Insurance, Inc. ("Streamline"), and Luis Alberto Roman ("Roman") (collectively, the "Non-Diverse Defendants"), all of whom are Texas citizens.  Plaintiff asserts that it purchased the insurance policy at issue through agents Roman—an agent for Streamline—and Stineman—an agent for another company.  Plaintiff's suit alleges that Great Lakes, Stineman, Streamline, and Roman (collectively, "Defendants") committed a breach of contract and violated multiple provisions of the Texas Insurance Code.

On February 12, 2020, Plaintiff filed its Original Petition in the 362nd Judicial District Court of Denton County, Texas (Dkt. #1, Exhibit 2).  On March 13, 2020, Great Lakes filed a Notice of Removal to this Court (Dkt. #1).

On March 24, 2020, Plaintiff filed its Motion to Remand (Dkt. #11).  On April 6, 2020, Great Lakes filed its response (Dkt. #13).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)).  "In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." *Humphrey v. Tex. Gas Serv.*, No. 1:14-cv-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) (citations omitted).  The Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).  "When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Humphrey*, 2014 WL 12687831, at *2 (quoting *Manguno*, 276 F.3d at 723).

## ANALYSIS

It is undisputed that Plaintiff, a Texas citizen, and Great Lakes, a German citizen, have diversity of citizenship. *See* (Dkt. #1 at p. 2; Dkt. #11 at p. 1). Accordingly, Great Lakes invoked the Court's diversity jurisdiction to remove this civil action (Dkt. #1). In doing so, Great Lakes asserted that the parties were completely diverse as the Non-Diverse Defendants were improperly joined and, thus, could not be considered for diversity purposes (Dkt. #1). Plaintiff, however, moved to remand this case back to the 362nd Judicial District Court of Denton County, Texas (Dkt. #11). Plaintiff claims that the Non-Diverse Defendants were properly joined, and as a result, Plaintiff and Defendants are not completely diverse (Dkt. #11). Thus, the Court turns to this determinative issue—whether the Non-Diverse Defendants were improperly joined.

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action pending in state court to a federal district court if the district court has original jurisdiction over the action. A federal court has original jurisdiction over all civil actions in which there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). There must be complete diversity among the parties, meaning every plaintiff must be diverse from every defendant. *See Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). The Court considers only the citizenship of real and substantial parties to the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980); *see also Johnson v. Heublein*, 227 F.3d 236, 240 (5th Cir. 2000). "The question of whether jurisdiction exists is resolved by looking at the complaint at the time the [notice of] removal is filed." *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990).

A party seeking removal based on improper joinder "bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004). "In deciding whether a party was improperly joined, we resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Id.* at 281–82.

To show improper joinder, the defendant must "demonstrate[] that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 577; *see also Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (explaining that to establish improper joinder, the defendant must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."). To determine whether there was improper joinder:

> The [C]ourt may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases . . . in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the . . . [C]ourt may, in its discretion, pierce the pleadings and conduct a summary inquiry. . . . [W]e caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude the plaintiff's recovery against the in-state defendant.

*Rubin v. Daimlerchrysler Corp.*, No. Civ.A. H044021, 2005 WL 1214605, at *2 (quoting *Smallwood*, 385 F.3d at 573–74).

The question is whether a plaintiff has "any possibility of recovery against the party whose joinder is questioned." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d

305, 312 (5th Cir. 2002).  "[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court."  *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

When conducting its Rule 12(b)(6)-type analysis, the Court "must apply the federal pleading standards."  *Gutierrez v. Allstate Fire & Cas. Ins. Co.*, No. 3:17-CV-0636-D, 2017 WL 2378298, at *3 (N.D. Tex. June 1, 2017) (citing *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193, 207–08 (5th Cir. 2016)).  "This standard requires the plaintiff to plead enough facts 'to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 770 (2007).  "A claim has facial plausibility when the plaintiff pleads factual context that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'"  *Id.* at 679 (alteration omitted) (quoting FED. R. CIV. P. 8(a)(2)).  Furthermore, Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions."  *Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Likewise, "a formulaic recitation of the elements of a cause of action will not do."  *Id.* (citation omitted).

First, the Court sets out the facts—as described by Plaintiff—that brought about its claims against the Non-Diverse Defendants.  Then, the Court examines Plaintiff's causes of action to

determine whether there is a "reasonable basis" for it to predict that Plaintiff could recover against the Non-Diverse Defendants.[1]  *Smallwood*, 385 F.3d at 577.

## I.    Facts in Plaintiff's Original Petition

Plaintiff asserts few facts in its Original Petition.[2]  Plaintiff claims that it suffered from a cargo loss (Dkt. #11, Exhibit 1 at p. 3).  Plaintiff asserts that at the time of the loss, it "ha[d] a policy of Cargo insurance through Defendants," which was in "full force and effect" (Dkt. #11, Exhibit 1 at p. 3).  Importantly, according to Plaintiff, the cargo loss was "the type of loss that should have been covered by the policy" (Dkt. #11, Exhibit 1 at p. 3).  However, "Great Lakes denied Plaintiff claim benefits based on [Great Lake]'s assertion that the cargo being carried by Plaintiff was excluded under the policy due to the cargo, brass metals, being a non-ferrous metal which is excluded from the policy" (Dkt. #11, Exhibit 1 at p. 3).  Plaintiff further contends that when it purchased the policy through the Non-Diverse Defendants, "the agents asked Plaintiff what type of cargo [it] transported" (Dkt. #11, Exhibit 1 at p. 4).  Plaintiff claims it "told the agent [it] hauled scrap metals among other types of cargo and that [it] needed cargo insurance coverage for all the cargo loads hauled by Plaintiff" (Dkt. #11, Exhibit 1 at p. 4).

## II.    Causes of Action

Here, Plaintiff asserts two different claims against the Non-Diverse Defendants: (1) breach of contract and (2) violations of the Texas Insurance Code.  As explained above, the Court applies the federal pleading standard when conducting its Rule 12(b)(6)-type analysis of Plaintiff's asserted causes of action.  Furthermore, the Court determines whether Plaintiff has set forth

---

[1] The Court elects not to "pierce the pleadings and conduct a summary inquiry."  *Rubin*, 2005 WL 1214605, at *2 (quoting *Smallwood*, 385 F.3d at 573–74).

[2] Plaintiff filed an amended federal complaint.  *See* (Dkt. #12).  However, it cannot be considered because "improper joinder analysis is confined to an inspection of the state petition which existed at the time of removal."  *Castlebrook at Ridgeview Homeowners Ass'n v. Starr Surplus Lines Ins. Co.*, No. 4:12-CV-652, 2013 WL 949860, at *4 (E.D. Tex. Jan. 30, 2013), *report and recommendation adopted*, No. 4:12-CV-652, 2013 WL 943589 (E.D. Tex. Mar. 8, 2013).

"specific actionable conduct" to support its claims against the Non-Diverse Defendants. *King v. Provident Life & Accident Ins. Co*., No. 1:09-CV-983, 2010 WL 2730890, at *4 (E.D. Tex. June 4, 2010) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).  "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery." *Id*. (quoting *Griggs*, 181 F.3d at 701) (emphasis in original).  Thus, to achieve a factual fit, Plaintiff "must allege facts sufficient to establish the essential elements of each asserted cause of action."  Accordingly, merely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant. *See Griggs*, 181 F.3d at 699.  Likewise, merely asserting a laundry list of statutory violations without factual support as to how a non-diverse defendant violated the statute will not suffice. *Doucet v. State Farm Fire & Cas. Co*., No. 1:09-CV-142, 2009 WL 3157478, at *5 (E.D. Tex. Sept. 25, 2009).

### A.  Breach of Contract

First, Plaintiff asserts that Defendants breached the insurance contract (Dkt. #11, Exhibit 1 at p. 5).  To prevail on a breach of contract claim under Texas law, Plaintiff must establish: (1) the existence of a valid contract; (2) performance by the Plaintiff; (3) breach of the contract by Defendants; and (4) Plaintiff sustained damages as a result of the breach.  Here, Plaintiff asserts that "Defendant's [sic] conduct . . . appears to be in Breach of Contract."  (Dkt. #11, Exhibit 1 at p. 5).  Specifically, Plaintiff avers that (1) a valid, enforceable contract of insurance exists between Defendants and Plaintiff; (2) Plaintiff has performed under the contract by paying premiums and cooperating with Defendants' claim investigation; (3) Defendants breached the contract by not

providing insurance benefits to Plaintiff; and (4) Defendants' breach injured Plaintiff (Dkt. #11, Exhibit 1 at p. 5).

Here, the Court cannot reasonably predict that Plaintiff can recover against the Non-Diverse Defendants on a breach of contract claim.  To begin, the Court has doubts that the Non-Diverse Defendants are parties to the insurance policy.  *See Adaptive Modifications, LLC v. Atl. Cas. Ins. Co.*, No. 4:18-CV-864, 2019 WL 1904680, at *7 (E.D. Tex. Apr. 29, 2019) (citing *Mission Grove, L.P. v. Hall*, 503 S.W.3d 546, 551–52 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (quoting *Bernard Johnson, Inc. v. Cont'l Constructors, Inc.*, 630 S.W.2d 365, 369 (Tex. App.—Austin 1982, writ ref'd n.r.e.)) (stating that "[a]s a general rule, a suit for breach of contract may not be maintained against a person who is not a party to the contract")).  But, even accepting that allegation as true, *see Iqbal*, 556 U.S. at 668, the Court is still not convinced that Plaintiff could establish that the Non-Diverse Defendants breached the insurance policy.

Plaintiff bases the breach on the denial of its insurance claim.  Despite Plaintiff's contention that Defendants denied coverage, it was not the Non-Diverse Defendants who denied Plaintiff's claim.  Rather, it was Great Lakes.  *See* (Dkt. #11, Exhibit 1 at p. 3) (stating that "Great Lakes denied Plaintiff claim benefits").  Thus, as the Non-Diverse Defendants did not deny Plaintiff's claim, the Non-Diverse Defendants "could not breach the insurance policy by denying Plaintiff's coverage claim." *See Adaptive Modifications, LLC*, 2019 WL 1904680, at *7 (denying remand of a plaintiff's breach of contract claim against insurance agent for the insurer's denial of a claim).

### B.  Violations of the Texas Insurance Code

Next, Plaintiff asserts claims against Defendants for violations of Texas Insurance Code §§ 541.060–.061, as well as Chapter 542 of the Texas Insurance Code which governs the prompt payment of claims (Dkt. #11, Exhibit 1).  Here, the Court also finds that it cannot reasonably

8

predict that Plaintiff can recover against the Non-Diverse Defendants for violations of the Texas Insurance Code.

Specifically, Plaintiff's state court petition pleads boilerplate language against the Non-Diverse Defendants and does not allege any independent acts on their part supported by facts that would support alleged violations of the Texas Insurance Code. *See* (Dkt. #11, Exhibit 1 at pp. 4–5) (describing only Defendants' acts and not attributing those acts to any particular party). Plaintiff cannot rely upon a mere theoretical possibility of recovery. Rather, to find a reasonable possibility that a Texas court would allow recovery against an agent, "the plaintiff must demonstrate that the [agent], as an individual, committed the Texas Insurance Code violation . . . that caused the harm." *See Green v. Nationwide Mut. Ins. Co.*, No. A-12-CV-600 LY, 2012 WL 5188031, at *5 (W.D. Tex. Oct. 17, 2012).[3] Plaintiff's controlling petition fails to provide any factual fit to its theory of recovery; it merely recites statutory language and states that "Defendants" violated it. *See* (Dkt. #11, Exhibit 1 at pp. 4–5). Thus, Plaintiff's grouping together of the Non-Diverse Defendants with Great Lake—referring to the parties collectively as "Defendants" throughout the petition—is insufficient to provide a reasonable basis for recovery against the Non-Diverse Defendants. *See Pak-Petro Inc. v. Am. W. Home Ins. Co.*, No. 1:12-CV-247, 2013 WL 12136688, at *8 (E.D. Tex. Mar. 5, 2013), *report and recommendation adopted*, No. 1:12-CV-247, 2013 WL 12155742 (E.D. Tex. Mar. 27, 2013) (citing *Taj Properties, LLC v. Zurich Am. Ins. Co.*, No. H-10-2512, 2010 WL 4923473, at *11–12 (S.D. Tex. Nov. 29, 2010) (stating that "[a]llegations merely asserted against 'Defendants' without alleging what facts are attributable to the [agent]

---

[3] In *Green v. Nationwide Mutual Insurance Co.*, the court examined the improper joinder of an insurance adjuster. *See Green*, 2012 WL 5188031, at *5. Because an "insurance adjuster" and an "insurance agent" both fall within the definition of a "person" under the Texas Insurance Code, the Court finds that *Green*'s analysis is applicable here. *See* Tex. Ins. Code § 541.002 (defining a "person" to include an insurance adjuster or agent).

individually as opposed to the insurance company do not provide a reasonable basis for recovering from the [agent]")).

Although Plaintiff asserts that "the agent . . . told Plaintiff that the cargo of scrap metals [it] hauled would be covered" even though his claim was later denied,[4] its allegations do not help to establish each essential element of any state-law causes of action asserted against the Non-Diverse Defendants (Dkt. # 11, Exhibit 1 at p. 4).  The Court also finds that Plaintiff has not listed any "specific actionable conduct," by which its various causes of action would be supported.  *See Griggs*, 181 F.3d at 699.  Plaintiff instead merely asserts the statutory language from the Texas Insurance Code to support its claim for noncompliance.  *See* Tex. Ins. Code §§ 541.060–.061.  Therefore, based on the conclusory allegations provided by Plaintiff, the Court cannot reasonably predict that Plaintiff could reasonably recover on its claims against the Non-Diverse Defendants.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Remand (Dkt. #11) is hereby **DENIED**.  It is further **ORDERED** that Defendants Jacob Christian Stineman, Streamline Insurance, Inc., and Luis Alberto Roman are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED this 22nd day of April, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[4] The Court further notes that Plaintiff not only fails to specify which agent—Stineman or Roman—made the representation, but Plaintiff also fails to describe Streamline's role in these purported Texas Insurance Code violations.